IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-HC-2060-FL

| | |
|---|---|
| MYRON M. COOK, | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| WARDEN D. LEU, | ) |
| Respondent. | ) |

This matter is before the court on respondent's motion to dismiss or in the alternative for summary judgment (DE 14) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56(a). Petitioner responded in opposition and in this posture the issues raised are ripe for ruling.

## STATEMENT OF THE CASE

Petitioner, a federal inmate proceeding pro se, commenced this action by filing petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner "challenge[s] the denial of [his] earned [First Step Act ('FSA')] time reduction credits." ((DE 1) at 2). Specifically, petitioner alleges he is "a[n] eligible FSA recipient, [and he] should be awarded all the credits that [he has] successfully earned in the BOP by participating in various programs and doing what's required to obtain such credits." (Id. at 6). Petitioner states that "since [he is] medium recidivism and not an [sic] low or minimum, the BOP will not apply the rightfully earned credits to reduce [his] sentence." (Id.). Petitioner asks the court to "grant [him] this request of receiving [his] FSA time reduction credits." (Id. at 7).

Respondent filed the instant motion to dismiss or in the alternative for summary judgment,

arguing that petitioner is not eligible to receive the relief requested in his petition. In support, respondent relies on memorandum of law, statement of material facts, and appendix of exhibits comprising the following: 1) declaration of Dorethea Orr, a paralegal specialist at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner"); 2) Federal Bureau of Prisons ("BOP") public information inmate data for petitioner as of July 14, 2025; 3) FSA Recidivism Risk Assessment (PATTERN) for petitioner as of March 4, 2025; and 4) FSA Time Credit Assessment for petitioner as of June 6, 2025. Petitioner responded in opposition, relying on 1) memorandum from FCI Butner II disapproving his request to apply FSA credits; 2) guide for consideration to apply FSA time credits for exception cases; 3) petitioner's high school equivalency credential; 4) petitioner's CDL certificate; 5) certificates of completion for drug abuse education course and non-residential drug abuse treatment program; 6) individualized needs plan – program review; 7) petitioner's discipline data; 8) petitioner's inmate education data transcript; and 9) addendum to statement of case regarding FSA.

## STATEMENT OF FACTS

Petitioner was convicted of being a felon in possession of a firearm and was sentenced to 84 months' imprisonment. (See Resp't Stmt. (DE 16) ¶ 1). Petitioner is currently incarcerated at FCI Butner II. (Id.). Petitioner's projected release date is September 15, 2026. (Id. ¶ 2).

As part of the BOP's implementation of the FSA, all institutions, including FCI Butner II, are required to conduct a risk assessment of each inmate in custody. (Id. ¶ 3). The purpose of the risk assessment is to determine each inmate's eligibility to receive time credits for his or her participation in eligible programming. (Id.). An inmate will receive one of the following risk level designations: minimum, low, medium, or high. (Id.). The BOP is required to update the

risk assessment for each inmate periodically. (Id.).

On March 4, 2025, staff at FCI Butner II conducted a risk assessment to determine petitioner's risk level. (Id. ¶ 4). Following review, petitioner was assigned a medium recidivism level. (Id.). The BOP has not applied petitioner's FSA time credits to his sentence due to his classification as a medium-risk offender. (Id. ¶ 5; cf. Pet'r's Resp. (DE 22) at 3).[1]

Inmates with a medium or high risk of recidivism classification may apply to the Warden for individual approval for application of FSA time credits. (Resp't Stmt. at ¶ 6; cf. Pet'r's Resp. at 3). On September 26, 2024, petitioner applied to the Warden at FCI Butner II requesting application of his FSA time credits. (Resp't Stmt. at ¶ 7). On October 23, 2024, the Acting Warden at FCI Butner II denied petitioner's request. (Id. at ¶ 8).

## DISCUSSION

A.  Standard of Review

Summary judgment[2] is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of

---

[1] Throughout this order, page numbers in citations to documents in the record are to the page number specified in the footer of the document supplied by the court's case management / electronic case filing (CM/ECF) system for the docket entry (DE) and not the page number, if any, showing on the face of the underlying document.

[2] The court construes respondent's motion as seeking summary judgment pursuant to Rule 56, where matters outside the pleadings have been submitted to the court and considered. Fed. R. Civ. P. 12(d). The court provided notice of same by Roseboro correspondence July 31, 2025. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

material fact requiring trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Petitioner argues that pursuant to 18 U.S.C. § 3632(d)(4), he is eligible to receive FSA time credits, but the BOP refused to apply his earned time credits based on his medium recidivism risk level. (Pet. (DE 1) at 6; Pet'r's Resp. (DE 22) at 3–5). Petitioner argues "the statute itself does not contain the words 'minimum, low, medium, or high' when describing earned time credit eligibility." (Pet'r's Resp. at 3). Petitioner argues "[t]hose distinctions c[ame] from Bureau of Prisons regulations and program statements that implement the statute." (Id. at 3–4).

Under § 3632(d)(4), a prisoner may earn FSA time credits for participation in recidivism reduction programming, and such credits may be applicable toward time in pre-release custody or on supervised release, if the prisoner is eligible under 18 U.S.C. § 3624(g). See 18 U.S.C. § 3632(d)(4)(A), (C). Under § 3624(g), time credits toward pre-release custody or supervised release are only applicable to prisoners designated as minimum risk to recidivate or low risk to recidivate in two previous risk assessments. See 18 U.S.C. § 3624(g)(1)(D).

Here, petitioner does not dispute that his latest risk assessment indicated a medium recidivism risk level. Thus, where petitioner's recidivism risk level makes him ineligible under § 3624(g), the statute permits the Bureau of Prisons to decline to apply petitioner's time credits to his sentence until he meets a minimum or low risk level. See White v. Warden of Fed. Corr. Inst.-Cumberland, 164 F.4th 326, 334 (4th Cir. 2026); see, e.g., Torok v. Carter, No. 24-6177, 2025 WL

3497993, at *1 (4th Cir. Dec. 5, 2025) (per curiam) (unpublished).

To the extent petitioner challenges the Warden's discretion to disapprove his application of FSA time credits, contends that he cannot lower his recidivism risk level before his release date, and argues he demonstrated recidivism risk reduction by not receiving any disciplinary infractions, maintaining employment, and completing several programs, the Fourth Circuit has held that "the FSA does not create a protected liberty interest in earning FSA time credits." White, 164 F.4th at 334; see also Vargas v. Rivers, No. 24-10703, 2025 WL 1380067, at *1 (5th Cir. May 13, 2025) (per curiam); Sedlacek v. Rardin, No. 24-1254, 2025 WL 948485, at *1 (6th Cir. Jan. 21, 2025). Accordingly, the court grants respondent's motion for summary judgment.

## CONCLUSION

Based on the foregoing, respondent's motion for summary judgment (DE 14) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 18th day of February, 2026.

_____
LOUISE W. FLANAGAN
United States District Judge